IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JED STEWART LINEBERRY                                               PETITIONER

v.                              Civil No. 06-2061

STATE OF ARKANSAS                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jed Lineberry, who is presently housed at FCI Seagoville, Texas, brings a motion for habeas corpus relief under 28 U.S.C. § 2254. I have not directed service of process upon the respondent.

DISCUSSION

In 1984, Lineberry and his wife were charged with several counts of forgery and criminal impersonation in the Sebastian County Circuit Court. In 1985, based on nolo contendere pleas, each received a one-year suspended sentences for one count of forgery. A few months later, the State filed a motion to revoke the suspended sentences, alleging that the couple had violated the conditions of release by committing felonies in the State of Illinois. After a hearing, the sentences were revoked and they were sentenced to five years in the Arkansas Department of Correction. The couple also requested that they be allowed to withdraw their pleas on the ground they were not knowing and intelligently entered. After a hearing at which the Lineberrys and their defense counsel testified, the circuit court found the pleas were knowingly and voluntarily entered.

On appeal, the Arkansas Court of Appeals rejected the Lineberrys' argument that they were denied counsel at the revocation hearing, stating that they had ample opportunity and means to

employ counsel but did not do so which warranted the conclusion that their actions were intended to delay the proceedings. The court also denied the Lineberrys' argument that the court erred in upholding their pleas, stating the court did not err in the matter. *Lineberry v. State*, 1986 WL 10571 (Ark. App. 1986) (attached as "A").

The 1985 Arkansas conviction, which has now expired, was used as the basis for a 2003 felon in possession of firearms conviction in the Eastern District of Texas, Sherman Division, for which Lineberry was sentenced to 63 months. On appeal from the federal conviction, Lineberry argued, among other things, that he should not have been classified as a convicted felon because his civil rights had been restored under Texas law. The Fifth Circuit rejected all of Lineberry's arguments and affirmed the conviction and sentence. *United States v. Lineberry*, 93 Fed. Appx. 632 (5th Cir. 2004) (per curiam) (unpublished) (Att. "B"). The Supreme Court of the United States granted Lineberry's petition for certiorari for consideration in light of *United States v. Booker*. On remand, the Fifth Circuit found no *Booker* error and reinstated the prior judgment. *United States v. Lineberry*, 155 Fed. Appx. 743 (5th Cir. Nov. 16, 2005) (per curiam) (unpublished) (Att. "C").

In the instant petition, signed May 12, 2006, Lineberry's claims are that his plea was coerced, he was denied counsel at the 1985 revocation hearing, and he did not violate the suspended sentence. He also states he has new proof of innocence withheld from him by his attorney of which he learned three months ago.

Here, Lineberry's state sentence has expired and he is no longer in custody pursuant to a judgment of a state court, as required by 28 U.S.C. § 2254(a). Thus, this court lacks jurisdiction of the § 2254 petition. *Meleng v. Cook*, 490 U.S. 488 (1998). Further, if Lineberry desires to file a § 2255 motion based on the prior conviction's effect on his federal sentence, that motion should be

filed in the district that imposed his sentence. *See* Rule 1, Rules Governing Section 2255 Proceedings for the United States District Courts.

If this court were to review Lineberry's claims, they would be found lacking in merit. When a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue available remedies (or because the defendant did so unsuccessfully), then the defendant may not collaterally attack the prior conviction through a motion under 28 U.S.C. §2254 or §2255. *Lackawanna County District Attorney, et al. v. Coss*, 532 U.S. 394, 402-03 (2001); *Daniels v. United States*, 532 U.S. 374 (2001).

Here, Lineberry attacked the validity of his guilty plea at the state level, arguing, among other things, that the plea was coerced. The circuit court upheld the plea and the appellant court affirmed. Lineberry's claim of denial of counsel at the revocation hearing was heard and decided adversely by the Arkansas state courts and Lineberry could have challenged on appeal the propriety of the revocation. Thus, the prior conviction is no longer open to direct or collateral attack.

*Lackawanna* and *Daniels* recognize exceptions to the general rule precluding habeas relief involving a prior conviction used to enhance a sentence, that being where there was a failure to appoint counsel in violation of the Sixth Amendment and where the defendant has obtained compelling evidence that he is actually innocent of the crime for which he was convicted and which he could not have uncovered in a timely manner

The exceptions do not apply here. Lineberry was represented by counsel when he entered his nolo contendere plea to the forgery charge and the trial court's failure to appoint counsel for the revocation hearing was upheld by the Arkansas Court of Appeals. Lineberry contends he is innocent and offers a 1984 Laboratory Analysis in which the latent prints examiner reports that Lineberry's

prints did not match partial prints found on four checks.  (Ex. K to Petition).  Lineberry states his attorneys told him the prints matched and he only discovered this document three months ago.  This document, which is not in itself determinative of guilt or innocence, is not compelling evidence of innocence, as required.

CONCLUSION

      Based on the above, I recommend that the instant petition §2254 petition be dismissed with prejudice.[1]  **The petitioner has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The petitioner is reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

      DATED this 22nd day of May 2006.

/s/Beverly Stites Jones  
HON. BEVERLY STITES JONES  
UNITED STATES MAGISTRATE JUDGE

---

1. A petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit.  *See Wilson v. Kenna*, 12 F.3d 145, 146 (8th Cir. 2004).